■    In the Matter of the Claim of Lucy La Bella, Respondent, against RAYOLD FOODS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer and carrier appeal from an award of death benefits and contend that decedent's death on May 8, 1953, was unrelated to an accidental injury which he sustained on June 28, 1951. On the latter date decedent fell from a ladder while changing a light bulb in the employer's restaurant. In his claim for compensation decedent reported an injury to his left shoulder, left arm and right ankle. The first attending physician described the injuries as soft tissue injury to the left shoulder and right ankle, and a decision of the Workmen's Compensation Board found only such injuries. Decedent had a pre-existing cardiac condition. A panel of the board in a two to one decision has found a connection between the above accident and decedent's death at home nearly two years later by a rather devious route as outlined in the findings. It is found that decedent sustained injuries to his left shoulder and right ankle "with an emotional reaction which caused or aggravated pre-existing ulcers." This resulted in an extensive abdominal operation in April, 1952, which in turn caused a second operation to remove adhesions on January 27, 1953, which in turn caused decedent's death on May 8, 1953, due to a coronary occlusion. A brief history of the litigation of this claim is interesting. Decedent, during his lifetime, and claimant after his death, were represented by the same attorney. Any alleged back injury and the cardiac condition had been previously rejected as unrelated by decisions from which no appeal was taken. The first referee who heard the death claim disallowed the claim finding "no causal relation." Upon appeal to the board a panel of three members unanimously affirmed the disallowance. Upon an application to reconsider, the case was again put upon a referee's calendar and, after taking further evidence, the referee disallowed the claim. Upon appeal to the board a different board panel of three members reversed the referee, one member dissenting. Thus we have two referees and four board members holding that there was no causal relation and two board members holding that there was, with the award resulting. Nevertheless, the question which we must determine is whether there is substantial evidence in the record to sustain the award. Evidence as to causal relation must necessarily depend upon medical opinion, which is in sharp conflict. The opinion evidence in favor of causal relation is based upon assumptions not justified by the evidence or which had previously been rejected by decisions from which no appeal was taken, and the opinions themselves are so

equivocal, noncommittal and qualified that they constitute no evidence at all. It seems to us that they are pure speculation which does not reach the level of substantial evidence. (Cf. *Matter of Aponte* v. *Santiago & Garcia,* 279 App. Div. 269.) Award reversed, and claim dismissed, with costs to appellants against the Workmen's Compensation Board. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.